Terrace Ellis
1617 Foxworthy Avenue
San Jose, CA 95118
408-621-6210
sunhomme@gmail.com

E-FILING

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRACE ELLIS<br><br>    Plaintiff.<br><br>v.<br><br>FRANKLIN COLLECTION SERVICE, INC., DAN FRANKLIN; CHRISTOPHER BROWNLEE; DOES 1-20<br><br>    Defendants. | Case No. CV 14-02833<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT *15 U.S.C. §1692* AND CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT *CA. CIV. CODE §1788.*<br><br>Demand Does Not Exceed $10,000.00 |

### COMPLAINT

1. Count 1 of Plaintiff's Complaint is based on violations of the Fair Debt Collection Practices Act (FDCPA) *15 U.S.C. §1692 et seq.*

2. Count 2 of Plaintiff's Complaint is based on violations of California's Rosenthal Fair Debt Collection Practices Act (RFDCPA) *Ca. Civ. Code 1788 et seq.*

### JURISDICTION AND VENUE

3. The jurisdiction of this Court is conferred by *15 U.S.C. §1692;28 U.S.C. §1331; and Ca. Civ. Code §1788.30(f).*

4. Venue is proper in this District pursuant to *28 U.S.C. §1391b.*

5. Defendants conduct business in the state of California, and therefore, personal jurisdiction is

1
COMPLAINT AND DEMAND FOR TRIAL BY JURY

established.

6. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Santa Clara County.

## PARTIES

7. Plaintiff is a natural person residing in San Jose, Santa Clara County, California.

8. Plaintiff is a consumer and, according to Defendant, Plaintiff allegedly owes a debt as that term is defined by FDCPA *15 U.S.C §1692 a(5) and Ca. Civ. Code §1788.2(d)),*

9. Defendants are debt collectors as that term is defined by FDCPA *§1692 a(6) and Ca. Civ. Code §1788.2(c).*

10. Defendants conduct business in California.

11. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## FACTUAL ALLEGATIONS

12. On May 29, 2013 Defendant Franklin Collection Service Inc. (FCSI) sent Plaintiff a letter stating that a delinquent account was placed with them for debt collection. The letter indicates a debt is owed in the amount of $126.80, provides an FCSI case # (01-022896408), instructs Plaintiff to "make checks payable to Franklin Collection Service, Inc." and provides instructions to create a personal URL and password to pay the alleged debt on FCSI's website.

13. Plaintiff does not have nor has she ever had an account or "case" with FCSI and owes them no payment.

14. Defendant FCSI's May 29, 2013 letter threatens to "report this account on [Plaintiff's] credit history after 30 days of [Plaintiff] receiving this notice"; however Defendant did not report the account on Plaintiff's credit report.

15. Upon information and belief, Plaintiff alleges that Defendant FCSI included this language in the May 29, 2013 letter to coerce Plaintiff into paying the alleged, erroneous debt.

16. On July 1, 2013 Defendant FCSI sent Plaintiff another letter that attempted to collect the alleged debt.

17. Defendant's July 1st letter referenced an FCSI Account number (#022896408), provides various methods to pay Defendant and advises Plaintiff to 'make check payable to Franklin Collection Service, Inc."

18. Plaintiff has no "case" or account with Defendant FCSI and owes them no payment.

19. Defendant's July 1st letter includes language that Plaintiff's failure to respond to Defendant's attempt to collect the alleged debt could result in actions taken by Defendant that would limit Plaintiff's options to "voluntarily satisfy this debt". Upon information and belief, Plaintiff alleges that Defendant's language is a threat to commence litigation against Plaintiff.

20. Defendant never took these mysterious /unnamed actions and upon information and belief, Plaintiff alleges that Defendant never intended to take such actions but included this language as an attempt to coerce Plaintiff into paying the alleged, erroneous debt.

21. On August 19, 2013 Defendant FCSI sent Plaintiff a communication notifying her that the matter has yet to be resolved. The August 19, 2013 communication, signed by FCSI Unit Manager Christopher Brownlee, further states that [Defendants] seldom resort to litigation if the account is resolved in a timely manner. At this time there has been no civil action filed or judgment obtained..." The communication contains two unchecked boxes: the first reads "Employment Verified" and the second reads "Assets Located". Upon information and belief, Plaintiff alleges that this communication indicates that Defendant would file a lawsuit and obtain a judgment against Plaintiff, garnish wages and/or seize assets if the debt was not paid; however this action was never taken.

22. Upon information and belief, Plaintiff alleges that Defendant never intended to take such actions but included this language as an attempt to coerce Plaintiff into paying the alleged, erroneous debt.

## COUNT I

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) *15 U.S.C. §1692*

### AGAINST DEFENDANTS FCSI AND CHRISTOPHER BROWNLEE

23. Plaintiff realleges paragraphs 1-22 as though fully set forth herein.

24. Plaintiff is a consumer within the meaning of the FDCPA, *15 U.S.C. §1692a(3)*.

25. Defendants are debt collectors within the meaning of the FDCPA, *15 U.S.C. §1692a(6)*.

26. Defendant FCSI's debt collection letters of July 1, 2013 and August 19, 2013 included the following violations:

27. Defendant FCSI violated *15 U.S.C. §1692e(2)* by falsely representing the character, amount, or legal status of a debt;

28. Defendant FCSI violated *15 U.S.C. §1692 e(5)* by threatening to take any action that cannot legally be taken or that is not intended to be taken;

29. Defendant FCSI violated *15 U.S.C. §1692 e(10)* by using deceptive means to collect a debt.

30. Defendant Christopher Brownlee, (Brownlee) FCSI Unit Manager's, communication of August 19, 2013 violates FDCPA as follows:

31. Defendant Brownlee violated *15 U.S.C. §1692e(2)* by falsely representing the character, amount, or legal status of a debt;

32. Defendant Brownlee violated *15 U.S.C. §1692 e(5)* by threatening to take any action that cannot legally be taken or that is not intended to be taken;

33. Defendant Brownlee violated *15 U.S.C. §1692 e(10)* by using deceptive means to collect a debt.

34. All of the above-mentioned unlawful actions by Defendants, in sum, constitute a violation of *15 U.S.C. §1692d* in that Defendants engaged in conduct, the natural consequence of which, is to harass, oppress, and abuse persons in connection with the collection of the alleged debt.

35. Plaintiff is entitled to actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to *15 U.S.C. §1692k.*

WHEREFORE, Plaintiff demands judgment against Defendants FCSI and Christopher Brownlee for actual or statutory damages, attorney's fees and costs, pursuant to *15 U.S.C. §1692k.*

**COUNT II**

**VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)** *CA. CIV. CODE 1788*

**AGAINST DEFENDANTS FCSI AND CHRISTOPHER BROWNLEE**

36. Plaintiff realleges paragraphs 1-35 as though fully set forth herein.

37. Plaintiff is a consumer and this matter involves a consumer credit transaction within the meaning of

*Ca. Civ. Code 1788.2 (e)*

38. Defendant FCSI's July 1, 2013 and August 19, 2013 communications violated RFDCPA as follows:

39. Defendant FCSI's communications violated *Ca. Civ. Code 1788.13(i)* by their false representation of the true nature of the business or services being rendered by the debt collector;

40. Defendant FCSI's communications violated *Ca. Civ. Code 1788.13(j)* by their false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made.

41. Defendant Brownlee's August 19, 2013 communication to Plaintiff violates RFDCPA as follows:

42. Defendant Christopher Brownlee's communication violated *Ca. Civ. Code 1788.13(j)* by its false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants FCSI and Christopher Brownlee for actual or statutory damages, punitive damages, attorney's fees and costs, pursuant to *Ca. Civ. Code 1788.30 (b) and (c)*.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants FCSI and Christopher Brownlee for actual or statutory damages, punitive damages, attorney's fees and costs, pursuant to *15 U.S.C. §1692k* and *Ca. Civ. Code 1788.30 (b) and (c)*.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this June 19, 2014 by:



Terrace Ellis.