Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellsilawgrp.com

Attorneys for Defendants FRANKLIN COLLECTION SERVICE, INC., AND CHRISTOPHER BROWNLEE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRACE ELLIS,<br><br>        Plaintiff,<br><br>v.<br><br>FRANKLIN COLLECTION SERVICE, INC., DAN FRANKLIN; CHRISTOPHER BROWNLEE; DOES 1-20,<br><br>        Defendants. | Case No.:  CV 14-02833 HRL<br><br>**DEFENDANTS FRANKLIN COLLECTION SERVICE, INC., AND CHRISTOPHER BROWNLEE'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendants FRANKLIN COLLECTION SERVICE, INC., and CHRISTOPHER BROWNLEE (hereinafter "Defendants") hereby respond to Plaintiff's Complaint as follows:

1.      As to paragraph 1, Defendants deny these allegations.

2.      As to paragraph 2, Defendants deny these allegations.

3.      As to paragraph 3, Defendants do not contest this court's jurisdiction.

4.      As to paragraph 4, Defendants do not contest venue at this time.

5.      As to paragraph 5, these answering Defendants do not contest jurisdiction but deny that personal jurisdiction exists with respect to Dan Franklin.

6.      As to paragraph 6, this paragraph does not contain matters that must be admitted or denied.

- 1 -

7. As to paragraph 7, Defendants admit this allegation.

8. As to paragraph 8, Defendants admits that plaintiff is a consumer defendant denies any other allegations therein.

9. As to paragraph 9, Defendants admit that Franklin Collection Service and Christopher Brownlee are debt collectors. Defendants deny that Dan Franklin is a debt collector.

10. As to paragraph 10, Defendants admit that Franklin Collection Service conducts business in California. Defendants deny all other allegations therein.

11. As to paragraph 11, Defendants denies any allegations therein.

12. As to paragraph 12, Defendants admit these allegations.

13. As to paragraph 13, Defendants denies these allegations.

14. As to paragraph 14, Defendants denies that the letter contains any threats. Defendants deny that the account was not credit reported. Defendant admits that the letter contained the credit reporting notice required by the California Civil Code.

15. As to paragraph 15, Defendants deny these allegations.

16. As to paragraph 16, Defendants admit this allegation.

17. As to paragraph 17, Defendants admit these allegations.

18. As to paragraph 18, Defendants denies these allegations.

19. As to paragraph 19, Defendants admits that the letter referenced voluntarily satisfying the debt. Defendant deny all other allegations.

20. As to paragraph 20, Defendants deny any allegations therein.

21. As to paragraph 21, Defendants admit that it sent an August 19, 2013 letter. Defendants assert that the letter is the best evidence of what the letter states and denies plaintiff's characterization of the letter.

22. As to paragraph 22, Defendants deny any allegations therein.

23. As to paragraph 23, Defendants incorporate their responses to the forgoing paragraphs as if stated herein in full.

24. As to paragraph 24, Defendants admit this allegation.

25. As to paragraph 25, Defendants admit that Franklin Collection Service and Christopher

Brownlee are debt collectors. Defendants deny any other allegations therein.

26. As to paragraph 26, Defendants deny all allegations therein.

27. As to paragraph 27, Defendants deny all allegations therein.

28. As to paragraph 28, Defendants deny all allegations therein.

29. As to paragraph 29, Defendants deny all allegations therein.

30. As to paragraph 30, Defendants deny all allegations therein.

31. As to paragraph 31, Defendants deny all allegations therein.

32. As to paragraph 32, Defendants deny all allegations therein.

33. As to paragraph 33, Defendants deny all allegations therein.

34. As to paragraph 34, Defendants deny all allegations therein.

35. As to paragraph 35, Defendants deny all allegations therein.

36. As to paragraph 36, Defendants incorporate their responses to the forgoing paragraphs as if stated herein in full.

37. As to paragraph 37, Defendants admit this allegation.

38. As to paragraph 38, Defendants deny all allegations therein.

39. As to paragraph 39, Defendants deny all allegations therein.

40. As to paragraph 40, Defendants deny all allegations therein.

41. As to paragraph 41, Defendants deny all allegations therein.

42. As to paragraph 42, Defendants deny all allegations therein.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

43. Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

44. Defendants allege that the Complaint, and each cause of action therein, is barred in whole or part, by the applicable statute of limitations including 15 U.S.C. § 1692k(d) and Civil Code § 1788.30(f).

DEFENDANTS FRANKLIN COLLECTION SERVICE, INC., AND CHRISTOPHER BROWNLEE'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

### THIRD AFFIRMATIVE DEFENSE

45. Defendants allege that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to her injuries and/or damages the claims against defendant should be reduced or eliminated.

### FOURTH AFFIRMATIVE DEFENSE

46. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, and/or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against this Defendant should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

47. Defendants allege that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendants' actions were taken in reasonable reliance upon information provided by its client pursuant to *Clark v. Capital Credit & Collection Services Inc.* (9th Cir. 2006) 460 F.3d 1162, 1174, *Ducrest v. Alco Collections, Inc.* (M.D. La. 1999) 931 F.Supp. 459, 462, and *Hulse v. Ocwin* (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

### SIXTH AFFIRMATIVE DEFENSE

48. Defendants allege that Plaintiff's Complaint, and each and every cause of action therein is barred by statutory and common law privileges and/or immunities including, but not limited to, those found in California Civil Code § 47(b) and 47(c).

### SEVENTH AFFIRMATIVE DEFENSE

49. Defendants allege that it has no civil liability under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.*, pursuant to 15 U.S.C. § 1692k(c), or the Rosenthal FDCPA, Cal. Civ. Code §§ 1788, *et seq.*, pursuant to Cal. Civ. Code § 1788.30(e) as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

### EIGHTH AFFIRMATIVE DEFENSE

50. Defendants allege that they have no liability under the Complaint as the acts taken were

taken in reliance upon opinions and regulations promulgated by the Federal Trade Commission and case law interpreting the Fair Debt Collection Practices Act and California Rosenthal Fair Debt Collection Practices Act.

## NINTH AFFIRMATIVE DEFENSE

51. Defendants allege the following affirmative defenses, including, but not limited to, those set forth in Federal Rule of Civil Procedure 8(c), so as not to waive them at this time: assumption of risk, duress, failure of consideration, fraud, illegality, license, *res judicata*, failure to join an indispensable party, release, laches, and abatement.

## TENTH AFFIRMATIVE DEFENSE

52. Defendants presently have insufficient knowledge of information on which to form a belief as to whether Defendants may have additional, as yet unstated, defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, Defendants pray for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;
2. That Defendants be awarded judgment in this action;
3. For attorneys' fees incurred herein, pursuant to statute;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

Dated: August 8, 2014

                ELLIS LAW GROUP, LLP

                By */s/ Andrew M. Steinheimer*
                   Andrew M. Steinheimer
                   Attorney for Defendants
                   FRANKLIN COLLECTION SERVICE, INC. AND CHRISTOPHER BROWNLEE

DEFENDANTS FRANKLIN COLLECTION SERVICE, INC., AND CHRISTOPHER BROWNLEE'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Defendants FRANKLIN COLLECTION SERVICE, INC., AND CHRISTOPHER BROWNLEE hereby demand a jury trial in this matter.

Dated: August 8, 2014

ELLIS LAW GROUP, LLP

By /s/ *Andrew M. Steinheimer*
Andrew M. Steinheimer
Attorney for Defendants
FRANKLIN COLLECTION SERVICE, INC. AND
CHRISTOPHER BROWNLEE

- 6 -

DEFENDANTS FRANKLIN COLLECTION SERVICE, INC., AND CHRISTOPHER BROWNLEE'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

# CERTIFICATE OF SERVICE

I, Jennifer Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On August 8, 2014, I served the following document(s) on the parties in the within action:

**DEFENDANTS FRANKLIN COLLECTION SERVICE, INC., AND CHRISTOPHER BROWNLEE'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Terrace Ellis<br>1617 Foxworthy Avenue<br>San Jose, CA 95118 | Pro Per Plainriff |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on August 8, 2014.

By: _____
Jennifer Mueller